UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

ZION HOLLIS,

    Plaintiff,

v.                                           CASE NO:
                                              HON:

CITY OF BATTLE CREEK, JEFF JOHNSON, and THOMAS WIREBAUGH, in their individual and official capacities,

    Defendants.

| |  |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>JONATHAN A. ABENT (P78149)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI  48386<br>(248) 886-8650 / (248) 698-3321-fax<br>shanna.suver@cjtrainor.com<br>amy.derouin@cjtrainor.com<br>jon.abent@cjtrainor.com | |

THERE IS NO OTHER PENDING OR RESOLVED CIVIL ACTION ARISING OUT OF THE TRANSACTION OR OCCURRENCE ALLEGED IN THE COMPLAINT

## COMPLAINT AND JURY DEMAND

**NOW COMES** Plaintiff, **ZION HOLLIS**, by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and for his Complaint against the above-named Defendants state as follows:

1. That Plaintiff is a resident of the City of Battle Creek, County of Calhoun, State of Michigan.

1

2. That Defendant CITY OF BATTLE CREEK is a municipal corporation and governmental subdivision which is organized and existing under the laws of the State of Michigan.

3. That Defendant JEFF JOHNSON is and/or was a police officer employed by the City of Battle Creek and/or was assigned to the City of Battle Creek and was acting under color of law, in his individual and official capacity, and within the course of scope of his employment at all times mentioned herein.

4. That Defendant THOMAS WIREBAUGH is and/or was a police officer employed by the City of Battle Creek and/or was assigned to the City of Battle Creek and was acting under color of law, in his individual and official capacity, and within the course of scope of his employment at all times mentioned herein.

5. That all relevant events giving rise to this lawsuit occurred in the County of Calhoun, State of Michigan.

6. That this lawsuit arises out of Defendants' violations of Plaintiff's federal constitutional rights as secured by the Fourth Amendment as it applies to the States through the Fourteenth Amendment to the United States Constitution, and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. § 1983.

7. That jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331

[federal question], 28 U.S.C. § 1343 [civil rights].

8. That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) not including interest, costs, and attorney fees.

## FACTS

9. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

10. That on or about the early morning of November 28, 2019, Plaintiff and two of his friends left a gathering held at the Cricket Club in Battle Creek, Michigan.

11. That Plaintiff and his two friends got into Plaintiff's vehicle, and Plaintiff got into the driver's seat.

12. That on or about the early morning of November 18, 2019, Defendant JOHNSON was seated in his police squad car in or near the parking lot area of the Cricket Club.

13. That the tires on Plaintiff's vehicle spun and/or his engine revved when he and his two friends were attempting to leave the crowded parking lot area of the Cricket Club.

14. That Defendant JOHNSON exited his squad car and approached Plaintiff's vehicle.

15. Upon information and belief, that when he approached Plaintiff's vehicle,

3

Defendant JOHNSON, without any warning, punched Plaintiff in the face through Plaintiff's already half-open window.

16. That Defendant JOHNSON then began screaming for Plaintiff to stop his vehicle and/or pull over and/or get out of the car.

17. That Plaintiff complied with all of Defendant JOHNSON's commands, if any, at all relevant times.

18. Upon information and belief, that despite Plaintiff's compliance, Defendant JOHNSON punched Plaintiff in the face at least three more times while Plaintiff was seated inside his vehicle.

19. That Defendant JOHNSON then pulled Plaintiff out of his vehicle and handcuffed Plaintiff.

20. That Defendant JOHNSON then placed Plaintiff in the back seat of Defendant JOHNSON's squad car.

21. That Defendant JOHNSON then drove Plaintiff to his home, removed the handcuffs, and released Plaintiff.

22. That Defendant JOHNSON issued a citation to Plaintiff for reckless driving, a misdemeanor offense.

23. That Defendant JOHNSON's use of force against Plaintiff during the subject incident was unreasonable and/or excessive.

24. That approximately one month after the subject incident, Defendant

WIREBAUGH, at Defendant JOHNSON's request, conducted a "follow-up" investigation of the incident.

25. That Defendant WIREBAUGH's "follow-up" was requested by Defendant JOHNSON for the express purpose of submitting a warrant request to the Calhoun County Prosecutor for Plaintiff on the felony charge of resisting and obstructing of a police officer arising from the subject incident.

26. Upon information and belief, that Defendant WIREBAUGH's "follow-up" consisted of speaking with two individuals requested by Defendant JOHNSON.

27. Upon information and belief, that Defendant WIREBAUGH did not speak to Plaintiff or either of Plaintiff's two friends who were in Plaintiff's vehicle and witnessed the subject incident.

28. Upon information and belief, that on or about January 3, 2020, Defendant WIREBAUGH submitted a warrant request to the Calhoun County Prosecutor for Plaintiff for felony resisting and obstructing a police officer arising from the subject incident, without probable cause to do so.

29. That on October 11, 2021, the Calhoun County Prosecutor filed a felony complaint charging Plaintiff with one count of felony resisting and obstructing and police officer, without probable cause to do so, and one count of misdemeanor reckless driving.

30. That on or about February 17, 2022, the felony resisting and obstructing charge against Plaintiff was dismissed.

31. That on or about February 17, 2022, Plaintiff pleaded guilty to the civil infraction of careless driving, and the misdemeanor charge of reckless driving was dismissed.

32. That as a direct and proximate cause of Defendants' unreasonable and/or unlawful actions and/or inactions, Plaintiff suffered significant injuries and damages.

## COUNT I
## VIOLATIONS OF THE FOURTH AMENDMENT

33. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

34. That the Fourth Amendment to the United States Constitution establishes that Plaintiff has the right to be free from unreasonable searches and seizures.

35. At all relevant times herein, the individual Defendants acted under color of law, within the scope and course of their employment, and in their official and individual capacities.

36. Defendants violated Plaintiff's clearly established and federally protected rights as set forth under the United States Constitution and the Amendments

thereto, including, but not limited to, the Fourth Amendment of the United States Constitution to be free from unreasonable searches and seizures.

37. The actions of Defendants were at all times objectively unreasonable in violation of Plaintiff's clearly established rights under the Fourth Amendment to the United States Constitution which proximately resulted in significant injuries to Plaintiff.

38. Defendants are not entitled to qualified immunity because they violated Plaintiff's clearly established Fourth Amendment rights.

39. As a proximate result of the violations and/or deprivtations of Plaintiff's constitutional rights by Defendants, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983, together with costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

## COUNT II
## CITY OF BATTLE CREEK CONSTITUTIONAL VIOLATIONS

40. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

41. Defendant CITY OF BATTLE CREEK acted intentionally, recklessly and/or with deliberate indifference when it practiced and/or permitted customs

and/or policies and/or practices that resulted in constitutional violations to Plaintiff.

42. These unlawful customs, policies, and/or practices included, but were not limited to the following:

    a. Failing to adequately train and/or supervise its police officers so as to prevent violations of a citizen's constitutional rights;

    b. Failing to adequately train and/or supervise its police officers regarding reasonable searches and seizures;

    c. Failing to supervise, review, and/or discipline employees whom Defendant CITY OF BATTLE CREEK knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging its police officers to engage in such conduct; and

    d. Failing to require its police officers to comply with established policies and/or procedures and to discipline or reprimand police officers who violated these established policies.

43. Defendants' conduct demonstrated a substantial lack of concern for whether an injury resulted.

44. Defendants' acts and/or indifference and/or omissions were the direct and proximate cause of Plaintiff's injuries.

45. The facts as set forth in the preceding paragraphs constitute a violation of Plaintiff's Fourth and/or Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983, and Plaintiff has a viable claim for compensatory and punitive damages plus interest, costs, and attorney fees as set for in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest, and attorney fees.

Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

BY:**/s/ Christopher J. Trainor**
CHRISTOPHER J. TRAINOR (P42449)
AMY J. DEROUIN (P70514)
JONATHAN A. ABENT (P78149)
Attorney for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
shanna.suver@cjtrainor.com
amy.derouin@cjtrainor.com
jon.abent@cjtrainor.com

Dated:  March 14, 2022
*CJT/jaa*

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

ZION HOLLIS,

    Plaintiff,

v.                                      CASE NO:
                                       HON:

CITY OF BATTLE CREEK, JEFF JOHNSON, and THOMAS WIREBAUGH, in their individual and official capacities,

    Defendants.

| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>JONATHAN A. ABENT (P78149)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI  48386<br>(248) 886-8650 / (248) 698-3321-fax<br>shanna.suver@cjtrainor.com<br>amy.derouin@cjtrainor.com<br>jon.abent@cjtrainor.com | |

## **DEMAND FOR TRIAL BY JURY**

**NOW COMES** Plaintiff, **ZION HOLLIS**, by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and hereby makes a Demand for Trial by Jury in the above-captioned matter.

        Respectfully Submitted,
        CHRISTOPHER TRAINOR & ASSOCIATES

        BY:**/s/ Christopher J. Trainor**_____
        CHRISTOPHER J. TRAINOR (P42449)
        AMY J. DEROUIN (P70514)
        JONATHAN A. ABENT (P78149)
        Attorney for Plaintiff
        9750 Highland Road
        White Lake, MI  48386
        (248) 886-8650
        shanna.suver@cjtrainor.com
        amy.derouin@cjtrainor.com
        jon.abent@cjtrainor.com

Dated:  March 14, 2022
*CJT/jaa*